IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND,<br>          Plaintiff,<br><br>vs.<br><br>PEREZ TREE SERVICE & LANDSCAPING, INC.,<br><br>          Defendant. | No. |

## COMPLAINT

NOW COMES Plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, PEREZ TREE SERVICE & LANDSCAPING, INC., and allege as follows:

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Plaintiff, Railroad Maintenance and Industrial Health and Welfare Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of a trust agreement, as amended and restated from time to time. A copy of the Trust Agreement is attached as Exhibit A.

3. The Railroad Maintenance and Industrial Health and Welfare Fund receive contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

4. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

5. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

6. Plaintiff, Railroad Maintenance and Industrial Health and Welfare Fund is administered in Sangamon County, Springfield, Illinois which is located within the venue of the District Court for the Central District of Illinois.

7. PEREZ TREE SERVICE & LANDSCAPING, INC., is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

8. Defendant employs individuals who are members of, and represented by, the Operating Engineers Local 150.

9. Defendant employs individuals who are participants in the employee benefit fund administered by Plaintiff Railroad Maintenance and Industrial Health and Welfare Fund pursuant to a Memorandum of Agreement to which Defendant is a party or otherwise bound (the "labor agreement").

10. The business address for Defendant is Beach Park, Illinois.

11. The labor agreement binds Defendant to the provisions of the Plaintiff's trust agreement.

12. Pursuant to the labor agreement and trust agreement, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to Plaintiff.

13. Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiff in accordance with the terms and conditions of Plaintiff's trust agreement. (*See* 29 U.S.C. §1145).

14. Defendant employed individuals during the time of January 1, 2015, through current, who have performed hours of work under the collective bargaining agreement for which contributions are owed to Plaintiff.

15. Pursuant to the labor agreements and trust agreement, contributions are due to Plaintiff by the fifteenth day of the month following the month hours are worked.

16. Plaintiff has made demands upon Defendant for the contributions, liquidated damages, and audit costs but Defendant has failed to satisfy said demands.

17. Pursuant to the terms of Plaintiff's trust agreement and ERISA, 29 U.S.C. §132(g)(2), the Defendant is liable for reasonable attorneys' fees and costs incurred in the collection process, including, but not limited to, court fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> **(g)** Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*          \*          \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –

>>    **(i)**   interest on the unpaid contributions, or
>>
>>    **(ii)**  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>   **(D)**   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>   **(E)**   such other legal or equitable relief as the court deems appropriate.
>
>   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiff prays as follows:

A.   That judgment is entered in favor of Plaintiff and against PEREZ TREE SERVICE & LANDSCAPING, INC., for all fringe benefit contributions, interest and liquidated damages owed to Plaintiffs for the time of January 1, 2015, through current.

B.   That PEREZ TREE SERVICE & LANDSCAPING, INC., is ordered to provide and/or make available to Plaintiffs or its auditor, all payroll and other business records of PEREZ TREE SERVICE & LANDSCAPING, INC., for the time period of January 1, 2015, through current, in order for Plaintiff to determine the fringe benefit contributions and other sums owed by PEREZ TREE SERVICE & LANDSCAPING, INC., to Plaintiffs.

C.   That Plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time of January 1,

2015, through current, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which Plaintiffs are entitled to pursuant to the trust agreement and ERISA;

      D.      That PEREZ TREE SERVICE & LANDSCAPING, INC., is ordered to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

      E.      That PEREZ TREE SERVICE & LANDSCAPING, INC., is ordered to pay to the Plaintiffs all of Plaintiffs' costs attendant to these proceedings;

      F.      That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

                      Respectfully submitted,

                      RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND
                      Plaintiff,

      By:      s/ Jacob A. Blickhan
             JACOB A. BLICKHAN
             CAVANAGH & O'HARA
             2319 West Jefferson
             Springfield, IL   62702
             Telephone:   (217) 544-1771
             Facsimile:   (217) 544-9894
             jacobblickhan@cavanagh-ohara.com